**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| SANTANA EDUARDO POSADA, <br>       PLAINTIFF, <br><br> v. <br><br> NELSON CRUZ & ASSOCIATES LLC, <br> FREDRICK "FREDDIE" RILEY, individually, <br> TRAVELERS CASUALTY & SURETY <br>       COMPANY OF AMERICA, <br> HUDSON INSURANCE COMPANY, <br> JOHN DOE COMPANY ONE, and <br> JOHN DOE COMPANY TWO, <br>       DEFENDANTS | Case No. 3:20-cv-01822 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Santana Eduardo Posada ("Plaintiff"), by and through his undersigned counsel, brings this lawsuit against Nelson Cruz & Associates LLC ("NCA"), Fredrick "Freddie" Riley ("Riley"), Travelers Casualty & Surety Company of America ("Travelers"), Hudson Insurance Company ("Hudson"), John Doe Company One and John Doe Company Two (collectively referred to as "Defendants"), and alleges as follows:

**NATURE OF ACTION**

1. This lawsuit is brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Texas Finance Code ("TFC") § 392.001, et seq.

2. Defendants are subject to the collection laws of the state of Texas because Plaintiff was located in the state of Texas at all times relevant hereto.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to 15 U.S.C.§ 1692k(d) and 28 U.S.C. § 1331.

4. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

5. Venue is proper before this Court pursuant to 28 U.S.C.§ 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District and where Plaintiff resides in this State and this District.

## PARTIES

6. Plaintiff is an adult individual residing in Dallas County, Texas.

7. NCA is a Texas business entity with principal offices situated in Dallas County, Texas according to filings with the Texas Secretary of State.

8. NCA can be served via its registered agent, Le Brocq Law Firm, PLLC at 13355 Noel Rd., 11th Floor, Dallas, TX  75240 or as allowed by Texas law.

9. The principal purpose of NCA is the collection of debts that are defaulted on behalf of third-party creditors or the purchase of delinquent accounts that are defaulted at the time of the purchase and the collection of those accounts for a profit.

10. NCA regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

11. NCA is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Defendant Riley is an individual who, upon information and belief, resides at in the Collin County, Texas outside in the Dallas, Texas metropolitan area.

13. Riley is the managing member of Defendant NCA.

14. Riley may be served wherever he may be found in accordance with Indiana or Texas law.

15. Defendant John Doe Company One is a person or business with an unknown at this time, but on information and belief is a debt buyer that purchased the below described consumer account when the account was in default and then subsequently hired NCA to collect the account.

16. Travelers is a foreign entity that can be served in the state of Texas via its registered agent in Texas, Corporation Service Company d/b/a/ CSC-Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

17. Travelers is liable for acts committed by NCA pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.  Specifically, Travelers is liable on bond number 7752241573 TX.

18. Hudson Insurance Company is a foreign entity that can be served in the state of Texas via its registered agent, CT Corporation System, at 1999 Bryan Street Suite 900, Dallas, Texas 75201-3136.

19. Hudson is liable for acts committed by NCA pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.  Specifically, Hudson is liable on bond number 10060175.

20. Defendant John Doe Company Two is unknown at this time, but is believed to be a surety company that is liable for acts committed by John Doe Company One pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.

## FACTUAL ALLEGATIONS

21. At some time in the past, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a defaulted bank loan (hereinafter the "Account"). The Account was not used for business or commercial purposes.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

23. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and constitutes a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

24. The principal purpose of NCA is the collection of debts using the mails and telephone and other means.

25. NCA attempted collections directly from Plaintiff in order to make a profit.

26. NCA is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6), is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

27. Riley actively manages NCA and directs the policies of that company.

28. Riley had influence over the officers and/or directors and/or owners and/or employees of NCA and directly or indirectly instructed the employees of NCA to act in the manner they acted when attempting collections from Plaintiff as described in the paragraphs below.

29. During all times pertinent hereto, Riley (a) created the collection policies and procedures used by NCA and its respective employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily

collection operations of NCA, (c) oversaw the application of the collection policies and procedures used by NCA and its respective employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by NCA and its respective employees and agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged in this complaint, (e) ratified the unlawful debt collection practices and procedures used by NCA and its respective employees and agents in connection with its common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by NCA and its respective employees and agents in attempts to collect an alleged debt from Plaintiff as alleged in this complaint.

30. Riley regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

31. Riley uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

32. Riley is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

33. John Doe Company One purchased the Account from another creditor after the Account had gone into default and placed the Account with NCA for collection.

34. During the one year prior to the date of the filing of this Complaint, NCA and/or representative(s), employee(s) and/or agent(s) of NCA made telephone calls to Plaintiff to collect the Account.

35. NCA told Plaintiff that that he should have looked at the original contract closely because it had a clause in it that allowed the creditor to put a lien on his car, his house, garnish his paycheck and seize his bank accounts to get the money to repay the account.

36. NCA also told him to leave the car outside because NCA was going to repossess it.

37. The threats to place a lien against Plaintiff's property or to use any process of recovery other than Plaintiff's voluntary payment of the Account were false and deceptive threats as the Account was so old that no creditor had any rights to recover the Account without Plaintiff's agreement to pay the Account.

38. When NCA made the statements described above, NCA had no intention of placing a lien against any of Plaintiff's property or garnishing any of Plaintiff's paycheck or seizing any of Plaintiff's bank accounts.

39. The statements made by NCA would cause the least sophisticated consumer to believe that NCA had a right to recover the Account through means such as liens or garnishment.

40. The statements made by NCA would cause the least sophisticated consumer to believe that NCA intended to recover the Account through means such as liens or garnishment.

41. The statements made by NCA caused Plaintiff to believe that NCA had a right to recover the Account through means such as liens or garnishment.

42. The statements made by NCA caused Plaintiff to believe that NCA intended to recover the Account through means such as liens or garnishment.

43. NCA knew that the threats to use liens, garnishment and/or seizure to recover the account were false when the threats were made.

44. NCA knew that it had no intention of using liens, garnishment or seizure to recover the account when the threats were made.

45. After one conversation with Plaintiff in which Plaintiff refused to repay the 15 year-old account, NCA called back to Plaintiff's phone and left a message which stated "We're gonna report this number to ICE.  You will be notified at 2271 Jamestown Lane."

46. Hearing NCA threaten to report Plaintiff to ICE was extremely humiliating to Plaintiff.

47. NCA intended to scare and humiliate Plaintiff when it made this threat to report Plaintiff to ICE.

48. The threat to report Plaintiff to ICE was false and deceptive.

49. NCA had no right or authority to report Plaintiff to ICE and NCA knew this at the time it made this threat.

50. NCA had no intention of reporting Plaintiff to ICE when it made the threat to do so and NCA knew this at the time it made this threat.

51. All of the communications between Plaintiff and NCA described above would cause the least sophisticated consumer to believe that a lawsuit had been filed against him or immanently would be filed.

52. All of the communications between Plaintiff and NCA described above caused Plaintiff to believe that a lawsuit had been filed against him or immanently would be filed.

53. As of the filing of this complaint, no lawsuit has been filed against Plaintiff on the Account.

54. At the time of the communications described above, Plaintiff could not be sued on the

Account by NCA or any other creditor because the age of the Account was so old that the use of the courts to collect on the Account was barred by the applicable statute of limitation.

55. In one or more of the written and oral communications between Plaintiff and NCA, NCA failed to provide meaningful disclosure of its identity and failed to inform Plaintiff that the communication was with a debt collector or that NCA was attempting to collect a debt or that any information obtained would be used for the purpose of collecting a debt.

56. NCA failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692g.

57. NCA's purpose for the communications with Plaintiff described above was to attempt to collect the accounts.

58. On information and belief, John Doe Company One transferred the debt, or responsibility of collecting the debt, to NCA knowing and expecting that NCA would act in the manner described above.

59. Each telephone call and each written correspondence individually conveyed information regarding the account directly or indirectly to Plaintiff.

60. The telephone call(s) and written correspondence(s) each individually constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

61. The only reason that NCA and/or representative(s), employee(s) and/or agent(s) of NCA made telephone call(s) to Plaintiff was to attempt to collect the Account.

62. The only reason that NCA and/or representative(s), employee(s) and/or agent(s) of NCA had telephone conversation(s) with Plaintiff was to attempt to collect the Account.

63. The only reason that NCA and/or representative(s), employee(s) and/or agent(s) of NCA left message(s) for Plaintiff was to attempt to collect the Account.

64. The conduct of NCA as described above was done knowingly and willfully and purposefully.

65. As a direct and proximate result of the aforesaid actions, Plaintiff, was made to feel like a criminal and suffered actual damages in the form of fear, anxiety, stress, mental anguish, depression and/or distraction from normal life.

66. As a direct and proximate result of the aforesaid actions, Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a).

## RESPONDEAT SUPERIOR

67. The representative(s) and/or collector(s) at NCA were employee(s) and/or agent(s) of NCA at all times mentioned herein.

68. The representative(s) and/or collector(s) at NCA were acting within the course and/or scope of their employment at all times mentioned herein.

69. The representative(s) and/or collector(s) at NCA were under the direct supervision and/or control of NCA at all times mentioned herein.

70. The actions of the representative(s) and/or collector(s) at NCA are imputed to their employer, NCA.

71. NCA acted at all times as an agent of John Doe Company One.

72. The actions of NCA are imputed to John Doe Company One.

73. On information and belief, John Doe Company One was aware of, and profited from, the collection practices used by NCA.

## COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
## BY NELSON CRUZ AND ASSOCIATES LLC

74. The previous paragraphs are incorporated into this Count as if set forth in full.

75. The act(s) and omission(s) of NCA and its representative(s), employee(s) and/or agent(s)

   violated 15 U.S.C. § 1692d(2)&(5)&(6) and §1692e(2)&(3)&(4)&(5)&(7)&

   (8)&(10)&(11) and 15 U.S.C. § 1692f(6) and § 1692g.

76. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and

   costs from NCA.

## COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE
## BY NELSON CRUZ AND ASSOCIATES LLC

77. The previous paragraphs are incorporated into this Count as if set forth in full.

78. The act(s) and omission(s) of NCA and its representative(s), employee(s) and/or agent(s)

   violated Tex. Fin. Code § 392.301(a)(1)&(2)&(5)&(6)&(7) and § 392.302(1) and

   392.304(a)(5)(A)&5(B)&(8)&(14)&(19).

79. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees

   and costs from NCA.

80. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against Defendant

   NCA enjoining it from future violations of the Texas Finance Code as described herein.

## COUNT III:  INVASION OF PRIVACY (INTRUSION ON SECLUSION)
## BY NELSON CRUZ AND ASSOCIATES LLC

81. In the alternative, without waiving any of the other causes of action herein, without

   waiving any procedural, contractual, statutory, or common-law right, and incorporating

   all other allegations herein to the extent they are not inconsistent with the cause of action

   pled here, NCA is liable to Plaintiff for invading Plaintiff's privacy (intrusion on

seclusion).   NCA intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

82. Plaintiff suffered actual damages from NCA as a result of NCA's intrusion.

## COUNT IV:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY JOHN DOE COMPANY ONE

83. The previous paragraphs are incorporated into this Count as if set forth in full.

84. John Doe Company One is liable for the act(s) and omission(s) of NCA and its representative(s), employee(s) and/or agent(s) for violations of 15 U.S.C. § 1692d(2)& (5)&(6) and § 1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11) and § 1692f(6) and § 1692g.

85. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from John Doe Company One.

## COUNT V:  VIOLATIONS OF THE TEXAS FINANCE CODE BY JOHN DOE COMPANY ONE

86. The previous paragraphs are incorporated into this Count as if set forth in full.

87. John Doe Company One is liable for the act(s) and omission(s) of NCA and its representative(s), employee(s) and/or agent(s) for violations of Tex. Fin. Code § 392.301(a)(1)&(2)&(5)&(6)&(7) and § 392.302(1) and 392.304(a)(5)(A)&5(B)&(8)& (14)&(19).

88. By using NCA and having actual knowledge that NCA repeatedly or continuously engages in acts described above, John Doe Company One violated Tex. Fin. Code § 392.306.

89. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from John Doe Company One.

90. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against John Doe Company One enjoining it from future violations of the Texas Finance Code as described herein.

### COUNT VI:  INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY JOHN DOE COMPANY ONE

91. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, John Doe Company One is liable to Plaintiff for colluding with NCA to invade Plaintiff's privacy (intrusion on seclusion).  John Doe Company One intentionally caused the intrusion upon Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

92. Plaintiff suffered actual damages from John Doe Company One as a result of the intrusion on Plaintiff's privacy.

### COUNT IIV:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY FREDRICK "FREDDIE" RILEY

93. The previous paragraphs are incorporated into this Count as if set forth in full.

94. By influencing and/or controlling the conduct of NCA, Riley is liable for the act(s) and omission(s) of NCA and its representative(s), employee(s) and/or agent(s) for violations of 15 U.S.C. § 1692d(2)&(5)&(6) and § 1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11) and § 1692f(6) and § 1692g.

95. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Riley.

## COUNT VIII:  VIOLATIONS OF THE TEXAS FINANCE CODE
## BY FREDRICK "FREDDIE" RILEY

96. The previous paragraphs are incorporated into this Count as if set forth in full.

97. By influencing and/or controlling the conduct of NCA, Riley is liable for the act(s) and omission(s) of NCA and its representative(s), employee(s) and/or agent(s) for violations of Tex. Fin. Code § 392.301(a)(1)&(2)&(5)&(6)&(7) and § 392.302(1) and 392.304(a)(5)(A)&5(B)&(8)& (14)&(19) and Tex. Fin. Code § 392.306.

98. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Riley.

99. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against Riley enjoining him from future violations of the Texas Finance Code as described herein.

## COUNT IX:  INVASION OF PRIVACY (INTRUSION ON SECLUSION)
## BY FREDRICK "FREDDIE" RILEY

100. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Riley is liable to Plaintiff for colluding with NCA to invade Plaintiff's privacy (intrusion on seclusion).  Riley intentionally caused the intrusion upon Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

101. Plaintiff suffered actual damages from Riley as a result of the intrusion on Plaintiff's privacy.

## COUNT X:  IMPUTED LIABILITY OF
## TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
## FOR LIABILITY OF NELSON CRUZ & ASSOCIATES LLC

102.    The previous paragraphs are incorporated into this Count as if set forth in full.

103.    The act(s) and omission(s) of NCA and its representative(s), employee(s) and/or

agent(s) in violation of Tex. Fin. Code § 392.301(a)(1)&(2)&(5)&(6)&(7) and §

392.302(1) and § 392.304(a)(5)(A)&5(B)&(8)&(14)&(19) are imputed to Travelers

pursuant to Tex. Fin. Code §392.102.

104.    Pursuant to Tex. Fin. Code §392.403, Plaintiff seeks damages, reasonable attorney's

fees and costs from Travelers.

## COUNT XI:  IMPUTED LIABILITY OF HUDSON INSURANCE COMPANY
## FOR LIABILITY OF NELSON CRUZ & ASSOCIATES LLC

105.    The previous paragraphs are incorporated into this Count as if set forth in full.

106.    The act(s) and omission(s) of NCA and its representative(s), employee(s) and/or

agent(s) in violation of Tex. Fin. Code § 392.301(a)(1)&(2)&(5)&(6)&(7) and

§ 392.302(1) and § 392.304(a)(5)(A)&5(B)&(8)&(14)&(19) are imputed to Hudson

pursuant to Tex. Fin. Code § 392.102.

107.    Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's

fees and costs from Hudson.

## COUNT XII:  IMPUTED LIABILITY OF JOHN DOE COMPANY TWO
## FOR LIABILITY OF JOHN DOE COMPANY ONE

108.    The previous paragraphs are incorporated into this Count as if set forth in full.

109.    The act(s) and omission(s) of John Doe Company One and its representative(s),

employee(s) and/or agent(s) in violation of Tex. Fin. Code § 392.301(a)(1)&(2)&

(5)&(6)&(7) and § 392.302(1) and 392.304(a)(5)(A)&5(B)&(8)& (14)&(19) and §

392.306 are imputed to John Doe Company Two pursuant to Tex. Fin. Code §

392.102.

110.    Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's

fees and costs from John Doe Company Two.

## JURY TRIAL DEMAND

111.    Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

112.    Judgment in favor of Plaintiff and against NCA as follows:

a.  Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

b.  Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §

1692k(a)(2);

c.  Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

d.  Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

e.  An injunction permanently enjoining NCA following trial of this cause from

committing acts in violation of the Texas Finance Code as cited herein

pursuant to Tex. Fin. Code § 392.403(a)(1);

f.  Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403;

g.  Exemplary damages pursuant to the common law of Texas, see, e.g.

*Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App.

1996); and

h.  Such other and further relief as the Court deems just and proper.

113.   Judgment in favor of Plaintiff and against Riley as follows:

    a.   Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b.   Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c.   Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d.   Statutory damages in the amount of $100 pursuant to Tex. Fin. Code §392.403;

    e.   Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

    f.   An injunction permanently enjoining Riley following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code § 392.403(a)(1);

    g.   Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403;

    h.   Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

114.   Judgment in favor of Plaintiff and against John Doe Company One as follows:

    a.   Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b.   Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c.   Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d.   Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

e. An injunction permanently enjoining John Doe Company One following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code § 392.403(a)(1);

f. Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403;

g. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996); and

h. Such other and further relief as the Court deems just and proper.

115. Judgment in favor of Plaintiff and against Travelers as follows:

a. Actual damages as awarded against NCA pursuant to Tex. Fin. Code § 392.403(a)(2);

b. Reasonable attorneys fees and costs as awarded against NCA pursuant to Tex. Fin. Code § 392.403; and

c. Such other and further relief as the Court deems just and proper.

116. Judgment in favor of Plaintiff and against Hudson as follows:

a. Actual damages as awarded against NCA pursuant to Tex. Fin. Code § 392.403(a)(2);

b. Reasonable attorneys fees and costs as awarded against NCA pursuant to Tex. Fin. Code § 392.403; and

c. Such other and further relief as the Court deems just and proper.

117. Judgment in favor of Plaintiff and against John Doe Company Two as follows:

a. Actual damages as awarded against John Doe Company One pursuant to Tex. Fin. Code § 392.403(a)(2);

b.  Reasonable attorneys fees and costs as awarded against John Doe Company

Two pursuant to Tex. Fin. Code § 392.403; and

c.  Such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE WOOD FIRM, PLLC

/s/ Jeffrey D. Wood

Jeffrey D. Wood, Esq.
ArkBN: 2006164
209 Hubbard Drive
Heath, TX  75032
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@jeffwoodlaw.com
Attorney for Plaintiff